Per Curiam:.
' Tipton, the appellee, recovered judgment by motion in the County Court of Blount, against Findley, a constable, and Caldwell and Cook his sureties, for failure of the constable to return an execution issued by a justice of the peace in favor of Tipton against Norwood. They appealed to the Circuit Court, where the judgment was confirmed for the amount of the principal sum in the execution with interest and costs. The cause is removed to this court by writ of error.
By the bill of exceptions which is made part of the record, it appears that proof was made of the warrant issued by a justice of the peace against Norwood, a judgment thereon in favor of Tipton; that the execution issued was delivered to Findley the constable, who failed to return it; and that more than 10 days’ previous *443 notice was given to the sureties, that the motion would be made. The defendants, by their counsel, admitted that Findley was appointed a constable by the * court of Blount County, in December, 1809, and at the same time entered into bond with Cook and Caldwell, his sureties, for the faithful discharge of his duty as such; that the bond was given “ to Willie Blount, Governor, Ms successors or assignees.” At the last term of this court a diminution of the record was suggested, and certiorari awarded to the clerk of the Circuit Court. The record is again certified without any material variation from the former. There is a general assignment of error. The appellants have procured from the clerk of the County Court a certified copy of the bond entered into by Findley as constable, and Cook and Caldwell his sureties. This bond is dated December the 1st, 1809. The condition is in the usual form. The parties “ are held and firmly bound to John Sevier, Esquire, Governor, and his successors in office, in the penal sum of |625, to be paid to his Excellency, John Sevier, &c., his successors or assigns.” It is alleged by the counsel, and the fact is so, that Willie Blount at that time was the Governor of Tennessee, and they insist that a bond executed to John Sevier, Governor, who at that time was not Governor, is void ab initio, and that no judgment can be given against the sureties on such bond.
Now assume that this writing so returned was really the one on which judgment was rendered; is it void ?
If an action at law, in the name of A B, Governor, whilst he is in office, be commenced, and before the suit be determined he go out of office, and is succeeded therein by another, shall that suit abate ? Only allow of this, and hardly any bond payable to the Governor can be recovered on. The suit remains some time in the County Court, then in the Circuit Court. The two years’ service of the Governor expires; there must be an abatement of the old action and a new action commenced, and this suit also travels on to the * same exit. If commenced in the name of a successor, it will cease as soon as his time expires. The law cannot be so. The suit will proceed in the name it was commenced in, judgment will be rendered in his name, and execution so issue. Why ? Because the office continues, though the former occupant be functus officio. If he sue as A B, Esquire, upon a bond made to himself as Governor, the suit will abate, be *444 cause the office is not stated. But if the office be stated, although the individual die or cease to act, it will still go on. 1 C. D. “ Abatement,” E, 21. It is the office, therefore, and not the name A B, that sustains the action. Consequently, if the written contract be made with the office, it is immaterial whether in other respects the obligee be rightly described or not. Suppose the bond be made to the Governor, resident at Knoxville, and in fact he be at the date of the bond a resident in Murfreesborough ; will this incorrect description make void the bond ? Suppose he be called Governor, and late a member of Congress, and he never was a member of Congress ; will that annul the bond ? Suppose it be made with the Governor of the State of Tennessee, being A B, Esquire, when his name is E B; will that defeat the bond any more than the other wrong descriptions ? Why, then, if he be called A B, Governor, will that any more invalidate it than if he be called Governor, being A B ? And if none of this will vitiate, why shall a misnomer of the Christian and surname do it, when followed by the name of the office, truly set forth and pointing only to one public character, there being no other in the State ? If a grant be made to the Governor of the State of Tennessee, he being A B, Esquire, will the grant be void for the uncertainty of the grantor ? Surely not; because the grantor is ascertained as completely as if he had twenty other identifying descriptions, though his true name be E B. If he shall take in such case by grant, why not also by deed or bond ? A grant to George, * Bishop of Norwich, whose name is John, is good. 4 Bac. Ab. 760 ; Co. Litt. 8 ; 2 B,ab. 43.
By parity of reason, a deed to the Governor, or John Sevier, Governor, is good, though he be not Governor at that time. So if bonds directed by law to be made to one officer, and they be made to another, or to the Commonwealth or State, they are all good, notwithstanding the mistake, ut res magis valeat, and that justice be not defeated. 2 H. & M. 459; 3 Call, 523, 13, 249; 3 Call, 421; 1 Wash. 1; 2 Call, 220, 299. Thus far we are conducted by precedents. See also 1 Haywood, 144, a case where was an indenture of apprenticeship made payable to the chairman, not saying and his successors, and also it contained in one part of it the name of the apprentice where that of the chairman should be. Yet it was declared to inure to the successor, and not to be invalidated by the mistake. Here the words John Sevier are redundant and imma *445 terial, and are to be disregarded as if the same had never been inserted ; and then in an instant all is right. Had the bond been made payable to John Sevier, Governor, and his executors, then the word Governor might have been considered with some plausibility a part of his personal description. But being to John Sevier, Governor, and Ms successors, that idea is completely removed, and a public functionary is proved to be intended.
But suppose a bond to A B, Governor, when A B is not Governor, to be void; and suppose, further, we are obliged to see that the judgment was entered on this bond; the judgment would still be good, for we should not be obliged also to know, when not informed by the record before us, that John Sevier was not at that time Governor. There is a case, 2 Strange, 1080 and 74, where A B, Chief Justice, was the name mentioned in a writ, and judgment being given and error brought, one matter assigned for error was that A B was not Chief Justice at that time. The court said they would not judicially take notice who are the * judges of the Common Pleas. Neither for the purpose of reversing judgment will this court now of themselves take notice that John Sevier was not Governor on the day when the bond in question bears date. Nor can they judicially know who was then the Governor of this State.
Next, upon principle, what good purpose is to be answered by a different course ? Many obligors will be released from their obligations, and much injury will be done to those intended by the law to be secured. The design of the law will be frustrated by the smallest mistakes; subtlety and not good sense will prevail, and mistakes inseparable from humanity. Far better is it to repel the growing evil by a timely application of untechnical reason, than to invite and cherish disasters by an unprofitable adherence to formalities. In any view, it seems to two of us (RoaNE and Haywood, Judges) that the bond is good in law.
Over and above all that, it does not appear that the bond brought up is that upon which the motion was made and the judgment was entered. Another bond of a different import was admitted by the defendants below. This is like the case in North Carolina, where the plea of covenants performed precluded the defendant from going back to the bond and pointing out its defects. But the court have not relied upon this alone, being willing to pass freely upon the point for the prevention of the like objections hereafter.